The opinion of the court was delivered by
Rogers, J.
The 22d of July, 1818, Robert Williams executed a bond to Lysle and Newman, in the penalty of six thousand dollars, conditioned to pay three thousand in Jive years from the date, with lawful interest half yearly and every year. On the same day, judgment was entered by warrant of attorney. A mortgage on a house and lot in Sixth Street accompanied the bond. Possession of the house and lot mortgaged was delivered to Lysle and Newman, to receive the rents and profits and apply them to the payment of the bond. On the 22d of July, 1823, a scire facias was issued on the judgment against Amelia Williams, administratrix of Robert Williams, to which she pleads payment, &c.
On the trial of the cause, the defendants, offered to prove, in substance, that this was a usurious transaction; that the sum advanced by Lysle and Newman was two thousand dollars, instead of three thousand; and that the rents and profits received by Lysle and Newman were more than sufficient to keep down the interest on two thousand dollars. This testimony was overruled, and the point was reserved for the decision of this court. It has been properly conceded by the counsel of the defendant, that the testimony was correctly overruled; for, however proper the defence would have been to the original contract, yet the defendant being concluded by the judgment, it will not avail her as a defence to the scire facias. Had the presiding judge been requested to dismiss the jury, he, in the exercise of a sound dis *136 eretion, would have had the power, and in this case perhaps would have done so, and directed an issue to try the facts alleged in the offer of the defendant. Instead of doing this, the point is merely reserved, and it comes before'this court as a matter of law, which presents no difficulty whatever.
By the record, it appears that the jury found for the plaintiff de terris, subject to the opinion of the court, whether the scire facias issued before any thing was due, and subject to the adjustment of the interest, as per memorandum filed on the 17th of April, 1826. From this, it would appear that these were the only matters which the.court are called on to decide.
The auditor appointed by the court has made his report, in which there does not appear to be any error. It has been admitted, that the sums charged for repairs, ground rent, taxes, &c. have been paid by Lysle and Newman, and unless it appears, which it does not, that those repairs were unnecessary, they were entitled to allowance for them, on a fair construction of the agreement between the parties.' It was the rents, clear of the necessary expenditure, which was to be applied to the extinguishment of the interest and principal of the bond.
The only question, which remains to be considered under the finding of the jury, is, whether the scire facias issued too soon. It will be recollected, that the bond was dated the 22d of July, 1S18, payable in five years from the date, and that the scire facias was issued the the 22d of July, 1823. The determination of this question will depend upon the legal import of the words from the date, applied to a bond, or, in other words, whether the 22d of July, 1818, be inclusive or exclusive.
From a careful review of all the cases, this principle, which has an immediate application to this question, may be fairly extracted: That when the words, from the date, are made use of to denote the terminus a quo, an immediate interest is to pass, the date of the instrument is inclusive. And the reason of the rule is, that when words of an equivocal meaning are made use of, and there is no indés, from which the intention of the party who used them may be gathered, the construction shall be made most advantageous for him, in whose favour the instrument is made. The distinction is between the legal construction of the words, from the date, when used by way of computation, and when used by way of passing an interest. Upon the execution of the bond, on the 22d oi July, 1818, an immediate interest passed to Lysle and Newman; and, as in law there are no fractions of a day, they are entitled to interest for the whole of the 22d of July, 1818. It follows that the five years had expired on the 22d of July, 1823, and that the scire facias was properly issued.
The great contest in England appears to me to have been with respect to the legal intent of the words, from the day of the date. Lord Mansfield, in the celelebrated case of Pugh and Wife v. *137 Duke of Leeds, from an elaborate review of all the cases, has deduced this principle,—that the word from, may mean either inclusive or exclusive, according to the context and subject matter; and that the court will construe it so as to effectuate the deeds of the parties, and not to destroy them. In the course of his argument, he has considered from as the operative word, and has endeavoured to show that from the date, and from the day of the date, mean one and the same thing. These positions, Powel, in his Treatise on Powers, page 494, has combatted with great force and ingenuity. I do not, however, consider that the principle which governs this case is denied by either. On the contrary, it is expressly recognised by both. When the point, which has governed the English jurists, comes directly before this court, it will then be in time to consider whether the distinctions contended for so strenuously by Powel, be not too refined, partaking too much of legal subtlety for the meridian of this country. In this state, the question is comparatively of but small importance, as there is but little danger of unsettling estates, determine it which way we may. In England, the difficulty has arisen in the construction of leases, made in pursuance of powers contained in marriage settlements, and in last wills and testaments, usually with intent of making provision for younger children. As, happily, we have no such class of cases, and are unshackled by authority, we shall be left free to adopt the construction which best comports with the common sense and understanding of mankind.
Judgment for the plaintiffs.