2  495<br>192  339

## TAYLOR *v.* JACOBY.

A note payable one day after date, is not due, for the purpose of commencing suit or entering judgment, until after the termination of the day of payment, though by commercial usage it may be demanded at a reasonable time on that day.

*May* 27.—The plaintiffs in error gave a note to plaintiffs below, dated July 30, 1845, promising to pay to plaintiffs below, their executors, administrators, and assigns, one day after the date thereof, without defalcation, for value received, with a power of attorney annexed to confess judgment in favour of the payees for the "above" amount.   On the 31st of July, judgment was entered by virtue of the warrant of attorney, for the amount of the note, "with interest from the 31st July."   An execution was issued on the same day, which the court (Woodward, President) refused to set aside on motion.

*Burnside*, *Curtin*, and *J. T. Hale*, for the plaintiffs in error.—The note was dated the 30th of July, 1845, and payable *one day after date*. This note was given when Taylor was not bound to give it, as the bills for goods had not become due. Taylor had the whole of the 31st of July to pay the note, and execution could not issue until the day after. Such was the understanding of Taylor, and the meaning and intentions of the parties. They cited Markley *v.* Swartzlander, 8 Watts & Serg. 177, to the point, that whatever took place at the time of the execution of the note might be given in evidence. The execution issued prematurely. The plaintiff has put a construction

upon the words in the note, " *one day after date,*" in his statement, by calculating interest from the 31st day of July, and he cannot now controvert it.   The statement and warrant to confess judgment is signed by the counsel, as attorney for the plaintiff.   If one have money to pay, or a duty to perform on a certain day, he has until the last moment of that day to pay the money or perform the duty.   Pugh *v.* Duke of Leeds, Cow. R. 714; 2 Campb. N. P. 294; Harris *v.* Blen, 16 Maine Rep. 175, and the authorities there cited, which are full to the point ; Osbourne *v.* Robinson, 3 Wend. 170 ; Thomas *v.* Shoemaker, 6 Watts & Serg. 181 ; Henry *v.* Jones, 8 Mass. 453.   As to computation of time, in a statute, they cited Ex parte Dean, 2 Cow. R. 605 ; Avery *v.* Stewart, 2 Conn. R. 69, 83 ; Homan *v.* Lizwell, 6 Cow. R. 659.   Note payable *one day from date,* the day of the date is excluded, and the payer has the whole of the next day, even to the last instant, to pay ; Presby *v.* Williams, 15 Mass. 193 ; Shoemaker *v.* Shurtliff, 2 Dall. 133 ; 9 New Hamp. R. 304.   They also cited Chitty on Contracts, 80, as to the meaning and intention of the parties to a contract.

*McAllister,* for defendant in error.—The debt, for which the note and warrant to confess judgment was given, was due.   The legal question is, was the day on which the note was executed to be excluded or included?   The defendant gave the plaintiff power to issue execution against him, " *one day after date.*"   Judge Washington ruled, in Pierpont and Lord *v.* Graham, 4 W. C. C. R. 240, that where the expressions are *from* the date, he understood the rule to be, that if a present interest was to commence *from the date,* the day of the date was included ; but if they were used merely to fix a terminus, from which to compute time, the day was in all cases excluded. Powell on Pow. 433 and 450, where the case of Pugh *v.* The Duke of Leeds is reviewed.   The words " *after date,*" and *from* the day of the date, bear the same legal signification.   Pow. on Pow. 502. [*Rogers,* J.—Is not the question, after all, one of intention ?   Was it intended that Taylor was to pay on the 30th, or had he the whole of the 31st to pay ?   If he were to have the whole of the 31st to pay the note, the execution issued prematurely.]   In Lysle *v.* Williams, 15 Serg. & Rawle, 136, this court held, that where a bond was executed on the 22d of July, 1818, payable in five years *from* the date, a scire facias, on the judgment confessed on the warrant, issued on the 22d of July, 1823, was not too soon.   An action on a note against the endorser, on the day it became due, was sustained.   Stead *v.* Brett, 1 Pick. R. 402.

GIBSON, C. J.—It is indisputable, that a bond cannot be put in suit on the day appointed for the payment of it, and that the obligor has the whole of it for performance of the condition. It looks like an affectation of learning to quote authority for a principle so familiar; but we may be allowed to say, that it was established at least so early as Anderson *v.* Barton, 1 Roll. R. 189, and recognised so late as Leftly *v.* Mills, 4 Term Rep. 173. It is a general principle of the common law, and it is applicable not only to cases in which payment is performance of a condition to save a forfeiture, but also to rent, which is shown by Clun's case, 10 Rep. 127, and by Duppa *v.* Mayo, 1 Saund. 288 c, to be demandable only at the last instant of the day. The only exception to it is the case of a bill of exchange, which may be protested within a reasonable time before the end of the last day of grace; but the exception stands, as the days of grace themselves stand, on arbitrary and inveterate usage, which makes up the body of the commercial law. On what day then was the debt in question payable? for, till it was ended, the plaintiff could no more sue out an execution on his judgment, than he could have sued out an original writ on his bond, had it been a plain one. The thing that causes the mind to pause at the threshold of the inquiry, is our own decision in Lysle *v.* Williams, 15 Serg. & Rawle, 135, which, however, is right in principle, whatever may have been its application to the particular case. It is certain that the questionable words in this bond are to be received in the sense which the parties ascribed to them, the question being, in every case of the kind, one of intention. But the intention is to be ascertained by rules of interpretation established by precedent. It is entirely clear, from Pugh *v.* The Duke of Leeds, Cowp. 714, that the words from, or after, the date, or the day of the date, include the day when they are used in a conveyance to create an estate; but it is just as clear, from other cases about to be noticed, that they exclude it when they are used in an instrument to perpetuate the evidence of a debt. Indeed, it seems from what is said in Preston on Conveyancing, p. 387, that the distinction sprung out of that decision, previous to which the general rule was to exclude the day in both cases. There are, however, some anomalous and apparently discordant decisions, which belong to neither class, and which are reducible to no particular head, from which, depending as they do, for the most part, on special enactment, no principle can be extracted; at least, none was extracted from them by Sir William Grant, in Lester *v.* Garland, 15 Ves. 253, when he passed them in review. But it is now a settled rule, that as the law rejects fractions of a day, it views it, for most purposes, as an indivisible point, and consequently, that "the date," or "the day of

the date," being coextensive with the entire day, excludes it when it occurs in a bill, note, or bond.    The law is certainly so in the case of a bill of exchange, Bayley on Bills, 154; and though Mr. Chitty puts the rule which governs it on commercial usage, it was applied, in May *v.* Cooper, Fortescue, 376, to a note *where the days of grace were not allowed.*    It was dated the 21st of July, and was payable ten days after date.    The money was tendered on the 1st of August, and the court said it was one day too late.    It is scarce necessary to remark, that the tenth day, the date being excluded, was the last day of the month. In like manner it was applied in Coleman *v.* Sayer, 1 Barnard. B. R. 303, S. C., 2 Stra. 289, to the day of sight, in a bill of exchange, though the contrary had been held by Powell and Neville, in Bellasis *v.* Heister, L. Raym. 240, but against the opinion of Chief Justice Treby.    Hitherto we have had no application of it to a bond, probably because the words seldom occur in such an instrument; but it was applied in Henry *v.* Jones, 8 Mass. 453, to a promissory note, and in Avery *v.* Stewart, 2 Connect. 72, to a note *which was not negotiable;* in both it was said to be applicable also to a bond.    In both, too, it was said—in the latter by Mr. Justice Gould—that a different interpretation would make a note payable a day after date, demandable instanter; and he might have added, that such a note is not made payable on demand, for the very purpose of giving the party an entire day to collect the means of meeting his engagement.    The case put to illustrate the consequences of a different rule, is the very case before us; and to say that the day of payment is not the day after the date, but the day of the date itself, would be contrary to the plain meaning of the words and obvious design of the parties, who evidently intended that the debt should be payable on the second day; and as the defendant was entitled to the whole of it for performance of his engagement, he could not be called on by process, original or judicial, before it had expired.

Judgment reversed.