## Adams *v.* DeFrehn, Appellant.

*Principal and surety—Contribution—Action—Joint action.*

When two or more jointly pay a debt for which they are jointly liable with another, the payment being joint, those who have made it may maintain a joint action against their cosurety, to enforce contribution.

Where a note made by a corporation and indorsed by several persons is protested for nonpayment and one of the indorsers refuses to join in the indorsement of a renewal note, and the other indorsers indorse a renewal note, have it discounted and apply the proceeds to the payment of the old note and then sue the other indorser for contribution, the latter is entitled to have it determined by the jury whether the new note was not given as a renewal of the old note, and therefore a payment of the old note by the corporation, and also whether the plaintiffs had agreed to give time to the corporation on the old note, in which case defendant would be relieved from contribution.

In such a case if it appeared that the liability of the corporation upon the old note remained unchanged by the subsequent dealings, and the new note was simply taken by the plaintiffs as a security collateral to the original obligation, the defendant as a cosurety was deprived of no right, and upon payment of the original note by his cosureties he could be called upon to make contribution, although he would be entitled to credit for his pro rata share of any amount realized upon the new note.

Argued Oct. 27, 1904.   Appeal, No. 161, Oct. T., 1904, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1901, No. 12, on verdict for plaintiffs in case of T. H. Adams et al. v. R. A. DeFrehn.   Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Assumpsit to enforce contribution.   Before BAILEY, P. J.

At the trial the defendant presented these points:

1. The transaction related by the plaintiffs by which on

July 1, 1897, they, having procured the $3,200 note of the DeFrehn Chair Company, a corporation of which they were the officers, directors and stockholders, payable to themselves and indorsed and had the same discounted by the Central Banking Company, of Mount Union, the holders of the note for $3,400, of the DeFrehn Chair Company, on which the defendant was an indorser and with the identical proceeds of such discounting, on the same day, took up the said $3,400 note, amounted in law to one of two things : Either it was a renewal or extension by the bank of the original debt of the DeFrehn Chair Company, with the consent of the plaintiffs and without the consent of the defendant ; or it was a payment by the DeFrehn Chair Company of the said $3,400 note on which defendant was an indorser ; and either phase of the transaction legally results in a discharge of the defendant from his obligation as surety, which, the facts being undisputed, it is the duty of the court to declare. In no view of plaintiffs' evidence can said transaction be regarded as a payment of said $3,400 note by the plaintiffs, previous to the impetration of the writ in this case. *Answer:* Refused. [1]

2. Under all the evidence in the case, the jury should find a verdict for the defendant. *Answer:* Refused. [2]

Plaintiffs presented these points :

1. The uncontradicted evidence in the case showing that it was the intention of the plaintiffs when they had the note of July 1, 1897, discounted and the proceeds turned over to the Central Banking Company, to pay the note in suit and so hold the defendant to his obligation to them under his contract as indorser. The note in suit was taken up by the indorsers thereon who are the plaintiffs here, and they are now entitled to contribution from the defendant for his share of the amount so paid, and the verdict must be for the plaintiffs. *Answer :* We therefore affirm the plaintiffs' two points and direct you to render a verdict in favor of the plaintiffs for $427.92. [3]

2. Under all the evidence in the case, the verdict must be for the plaintiffs. *Answer:* We therefore affirm the plaintiffs' two points and direct you to render a verdict in favor of the plaintiffs for $427.92. [4]

Verdict and judgment for plaintiffs for $427.92. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them; (5) in giving binding instructions for plaintiffs; (6) in refusing arrest of judgment on the ground that the action was joint.

*W. L. Pascoe*, of *Stevens & Pascoe*, with him *H. H. Waite*, for appellant.—The holder of commercial paper cannot, without reservation and by a valid agreement, grant an extension to the maker in such a way as to preclude himself from suing and suspend his own remedy, without discharging parties who stand in the relation of sureties on the paper : Randolph on Commercial Paper, 638 ; Bishop's Estate, 195 Pa. 85, 89, 90 ; Bauschard Co. v. Fidelity & Casualty Co., 21 Pa. Superior Ct. 370 ; Siebeneck v. Anchor Savings Bank, 111 Pa. 187 ; Bolles on Negotiable Instruments, 51, sec. 16 ; Bensinger v. Wren, 100 Pa. 500 ; Nesbitt v. Turner, 155 Pa. 429 ; Austin Mfg. Co. v. Duerr, 19 Pa. Superior Ct. 560.

Taking up an old note with the " proceeds " of a new one has the same effect as taking it up with the note itself : Hartley v. Kirlin, 45 Pa. 49.

The contract of contribution is a several contract.   Hence a surety may release one of his cosureties without barring his right of action against the rest.   Each cosurety has a separate action for what he has paid beyond his aliquot part : Boggs v. Curtin, 10 S. & R. 211, 213 ; Graham v. Robertson, 2 T. R. 282 ; Brand & Herbert v. Boulcott, 3 Bos. & P. 235 ; De Colyar on Guaranties, etc. (ed. 1875), 339, 346, 347.

*J. F. Shock*, with him *Thomas F. Bailey*, for appellees, cited : Hacker v. Perkins, 5 Whart. 95 ; Slaymaker v. Gundacker, 10 S. & R. 75 ; Boggs v. Curtin, 10 S. & R. 211.

Opinion by Porter, J., January 17, 1905 :

The plaintiffs and the defendant were the officers and principal stockholders of the DeFrehn Chair Company, a corporation, being in need of ready money, and the plaintiffs and the defendant being interested in its success agreed to indorse its paper for the purpose of raising funds.   On March 15, 1893, in pursuance of a resolution of the board of directors, the corporation made its promissory note for the sum of $3,500, pay-

able to the order of all the parties to this action, who all in-
dorsed the same, which note was discounted by the Central
Banking Company of Mount Union, and the corporation re-
ceived the proceeds. The note was renewed in the same form
from time to time, small payments being made thereon with the
same bank, the final renewal, which was indorsed by all the
parties, being dated March 29, 1897, and maturing June 29,
1897, was for the sum of $3,400. About the time this last
note became due, the defendant ceased to be an officer of the
company and refused to join in a renewal of the note. The
note was protested for nonpayment, and the indorsers duly
notified. The plaintiffs allege that they subsequently paid in
cash the note upon which they were liable as indorsers, jointly
with the defendant, and bring this action to enforce contribu-
tion. The court below gave binding instructions in favor of
the plaintiffs, and the defendant appeals.

The objection to the form of the action is not well taken.
When two or more jointly pay a debt for which they are jointly
liable with another, the payment being joint, those who have
made it may maintain a joint action against their cosurety, to
enforce contribution: Boggs v. Curtin, 10 S. & R. 211; Lowry
v. Lumbermen's Bank, 2 W. & S. 210. The sixth specification
of error is dismissed.

The liability of the parties as indorsers of the note had be-
come fixed by the protest and notice thereof. The right of
the plaintiffs to pay the note and recover of the defendant his
proportionate share thereof cannot be questioned; whether the
plaintiffs paid the note was, under the evidence in this case, a
question of fact to be determined by the jury; and the first
and second specifications are without merit.

The burden was upon the plaintiffs to show that they had
paid the note. It appeared in evidence that some days after
the note had been protested, the corporation made a new note
payable to the order of the present plaintiffs, which note was
discounted at the same bank and the proceeds thereof paid to
the plaintiffs, and the plaintiffs afterwards paid the old note
with these same proceeds. If the new note was given in re-
newal of the old one, then the payment was by the corporation,
or if at the time the new note was given the plaintiffs agreed
to give to the corporation time upon the old note, then the

defendant cannot be called upon to make contribution : Hartley v. Kirlin, 45 Pa. 49 ; Barnett v. Reed, 51 Pa. 190.   If the liability of the corporation upon the note which had been protested remained unchanged by the subsequent dealings, and the new note was simply taken by the plaintiffs as a security collateral to the original obligation, the defendant as a cosurety was deprived of no right, and upon payment of the original obligation by his cosureties he could be called upon to make contribution, although he would be entitled to credit for his pro rata share of any amount realized upon the new security : Slaymaker v. Gundacker, 10 S. & R. 75 ; Hacker v. Perkins, 5 Wharton, 95.   The evidence as to whether the protested note had been paid by the corporation, or the plaintiffs, and as to the purpose for which the new note was given, was oral, and it was for the jury to find the facts upon which the right of the plaintiffs to recover depended.   The third, fourth and fifth specifications of error are sustained.

The judgment is reversed and a venire facias de novo awarded.