4w 474
199 249

## ❚ Braddee *against* Brownfield.

A judgment on warrant of attorney is as much an act of the court as if it were formally pronounced on *nil dicit,* or a *cognovit;* and till it is reversed or set aside, it has all the qualities and effect of a judgment on verdict.

An action of debt upon the statute of the 13th of April 1791, for the penalty, for refusing to enter satisfaction upon a judgment, will not be supported by evidence that the debt was paid before the judgment was entered. The satisfaction must be of the *judgment,* not of the *debt.*

ERROR to the common pleas of *Fayette* county.

This was an action of debt by John F. Braddee against Basil Brownfield, to recover the penalty provided by the act of the 13th of April 1791, for refusing to enter satisfaction upon a judgment. The declaration set out that the judgment was entered by warrant of attorney on the 1st of April 1834, and that the judgment or debt had been previously paid, and that the notice required by the act of assembly had been given and the plaintiff refused to enter satisfaction, &c. And the proof was, that after the bond and warrant upon which the judgment had been confessed had been given, Braddee had paid the money to Brownfield, to wit, in the month of January 1834; and the only question in the cause was, whether these allegations and facts would support the action. A verdict and judgment were rendered below for the defendant.

*Austin,* for plaintiff in error.
*Ewing,* for defendant in error.

[Braddee v. Brownfield.]

The opinion of the Court was delivered by

GIBSON, C. J.—In contemplation of law, a judgment on warrant of attorney is as much an act of the court as if it were formally pronounced on *nil dicit,* or a *cognovit ;* and till it is reversed or set aside, it has all the qualities and effect of a judgment on verdict. That it is a judgment within the meaning of the statute on which the action is founded, the plaintiff has himself affirmed by counting on it. Like any other judgment, it is an estoppel, and concludes the parties from drawing into controversy the point or thing adjudicated. Notwithstanding this, the plaintiff proposed to prove the judgment stillborn by proving satisfaction, not of it, but of the debt before the judgment existed ; and thus to affirm the identical fact that had been judicially disaffirmed. No provision of the statute gives special countenance to such an anomaly. It imposes the penalty for not acknowledging payment of record, on a "person having received satisfaction for his debt or damages *recovered by judgment;*" which certainly indicates that the judgment, merging and extinguishing, as it does, all previous responsibility, becomes itself the debt and subject matter of the clause commanding satisfaction. It consequently cannot be satisfied by anticipation. No one will pretend that payment before judgment may be pleaded to a *scire facias ;* and the reason for it equally precludes the party from averring the same fact in a collateral action. He is concluded by the generality of the estoppel, not only in the same action, but in every other between the same parties. For fraud, a judgment may doubtless be impeached collaterally ; but only for that sort of fraud which is engendered by collusion of the parties, and to the prejudice of a third person. *Per fraudem* is not a plea to a *scire facias ;* nor does the substance of it entitle the plaintiff here to enter into the original merits. Nothing may be set up to a *scire facias* that might have been ground of defence originally ; but the defendant is not without remedy if the judgment has been obtained surreptitiously. For previous payment or failure of consideration, an application lies to the equitable power of the court to open the judgment so far as to let the party in to a defence, or even to set it aside. Can there be a difference in this respect between a *scire facias* and an action for the penalty? That there has been a fruitless application to the discretionary powers of the court can scarce be thought to make a difference. His remedy lay there ; and the statute never gave the present proceeding as an appeal from the decision. What would be the ground of such an appeal? Not what the statute requires for the ground of an action, but the falsification of the fact adjudicated. By the statute, the payment which calls for record evidence of satisfaction, is payment after judgment, for that alone stands with the record ; in which particular, the declaration and proof were palpably vicious.

Judgment affirmed.