## Herman *against* Brookerhoff.

In an action for maliciously suing out a *capias ad respondendum*, the plaintiff is estopped from denying the existence of a probable cause of action, by the fact that a judgment was rendered against him in the suit in which he was arrested.

ERROR to the common pleas of *Centre* county.

Isaac Herman against Henry Brookerhoff. This was an action on the case, for maliciously suing out a *capias ad respondendum* by the defendant against the plaintiff. The facts were, that Brookerhoff procured a *capias* to be issued against Herman by a justice of the peace, for selling merchandize as a pedlar without a license. Upon the trial before the justice, the defendant produced a license which had been granted to him by a mayor's court. The justice of the peace was of opinion that the court of common pleas alone had power to grant licenses, and rendered a judgment against the defendant for the penalty of fifty dollars, from which an appeal was entered to the common pleas; after which it was discovered by the plaintiff that the mayor's court had jurisdiction of the sub-

[Herman v. Brookerhoff.]

ject, and the suit was discontinued. The defendant then brought this suit against the plaintiff.

The court below (Burnside, president) was of opinion that the plaintiff was not entitled to recover, and in answer to several points, instructed the jury that to support the action there must be both malice and the want of probable cause; and if they believed there was the absence of either, they should find for the defendant. Verdict accordingly.

The following errors were assigned:

1. The court erred in saying that express malice and want of probable cause must concur to support the action.

2. In instructing the jury that, in the opinion of the court, there, was not sufficient evidence of malice to sustain the action.

*M'Manus* for plaintiff in error, cited *Addison's Rep.* 270; *Peters' Rep.* 210; 8 *Serg. & Rawle* 150; 3 *Serg. & Rawle* 393.

*Blanchard, contra,* cited 2 *P. A. Browne's Rep. App.* 55.

The opinion of the Court was delivered by

Gibson, C. J.—Though there is a resemblance betwixt an action for the malicious prosecution of a criminal charge, and an action for a malicious arrest or holding to excessive bail in a suit, the cases are not entirely parallel. In a criminal prosecution, want of probable cause must be combined with malice; but in a civil suit the existence of a cause of action is not a defence to a suit for an excessive use of the process. In Wray v. Law, *Peters's Rep.* 210, it was ruled that a malicious holding to bail for an undoubted cause of action entitles the party to legal redress; but that, if bail be not demanded, an action cannot be maintained for instituting an unfounded suit. Hence, though it was intimated by Mr Justice Ross in delivering the opinion of the court in Wengert v. Beashore, 1 *Penn. Rep.* 32, that want of probable cause is indispensable to an action for maliciously suing out a *capias ad respondendum*, he fell into an inaccuracy by not pursuing his own sound distinction betwixt want of probable cause for a criminal prosecution, and want of well-founded cause for a civil suit. The gist of the action, in the one case, is the origination of a malicious and groundless prosecution, which *ipso facto* put the party in peril; in the other, it is not the origination of an action, but an abuse of the process consequent on it. There are other principles, however, which seem to be common to both. Want of probable cause is evidence of malice, though inconclusive, in the origination of a prosecution; and want of an ostensible cause of action is evidence of malice in the procurement of an arrest; but the existence of probable cause is conclusively established by a conviction, Fisher v. Bristow, *Doug.* 215; same principle, *F. N. B.* 114: a competent tribunal has sanctioned the accusation, and there can be no further question about it. So

[Herman v. Brookerhoff.]

far was this carried in Reynolds *v.* Kenedy, 1 *Wils.* 232, that a
condemnation of goods, though reversed on appeal, was held to
disprove an allegation of want of probable cause for the informa-
tion, and consequently to bar an action for malicious prosecution
against the informer; and in Sutton *v.* Johnstone, 1 *Term Rep.* 505,
there is a pointed intimation that even an acquittal, by the sentence
of a court martial, of a charge of disobedience of an order on the
ground of justification by the pressure of circumstances, would be
a conclusive establishment of probable cause for charging the officer
with the fact—an intimation which is fortified by the 22 *Ass.* 77,
in which it is said that an acquittal of homicide for matter of law,
and not of fact, is a conclusive bar to an action for a malicious
prosecution of the supposed offence.   If, then, the plaintiff, in such
an action is precluded from denying the existence of probable cause
by a finding of the fact in a criminal case, *a fortiori* he ought to
be precluded from denying the existence of a cause of action by a
recovery in a civil one to which, the parties being the same, the
doctrine of estoppel is peculiarly applicable.   The defendant in this,
was the plaintiff in the *qui tam* action; and, though but a trustee
in part, he prosecuted it, as the legal plaintiff, for a civil right.   Nor-
ris *v.* Pilmore, 1 *Yeates* 408; S. P. Donahue *v.* Dougherty, 5 *Rawle*
30.   In Atcheson *v.* Everitt, *Cowp.* 391, it was said by Lord Mans-
field that actions for penalties are, for many purposes, considered
as civil suits; and Mr Justice Aston added, that they are as much
so as actions for money had and received.   Now the gist being the
arrest of the plaintiff in a civil suit, what right has he to maintain
the present one?   In Parker *v.* Langley, *Gilb. Cases* 163, it was
said, "If the suit be determined in favour of the plaintiff, there was
colour for his action; if in favour of the defendant, there may be
room, where the suit appears not just, to inquire how far it was
malicious and oppressive, or designed for a wicked purpose."   The
declaration was held ill, therefore, for not showing what had be-
come of the first action.   It satisfactorily appears what became of
it in this instance, and it strangely seems to be considered a part of
the *gravamen*, that it was prosecuted to judgment.

Then whether the prosecution before the justice be treated as a
criminal or a civil one, the plaintiff has no case.   The conviction
established the existence of a cause of action, and it is not pretended
that there was an exaction of excessive bail.   But, putting that
aside, the direction was too favourable to him on another ground.
Though the prosecutor, being entitled to call for the production of
a license in the first instance, proceeded, in default of it, at his peril,
yet one was actually produced, but disallowed; and he is in no
worse predicament than if it had been, as it doubtless would have
been, impugned before the accused was arrested.   The prosecution
would have been commenced, as it was maintained, on a mistake
of the law in respect to the power of the mayor's court.   Now,
though every man, being bound to know the law, is answerable

[Herman v. Brookerhoff.]

for the legal consequences of his acts, the imputation of a motive which had no existence in fact, is not one of them. On the contrary, it was held in Sommer *v.* Wilt, 4 *Serg. & Rawle* 19, that ignorance or mistake of the law on a fair representation of the fact to counsel, is a legal defence to an action for a malicious prosecution. . In the present case, the judge left the question of malice, as an open one, to the jury, with a recommendation, short of a direction, to find for the defendant; but the effect of the fact being for the court, and the effect of the evidence in establishing it being for the jury, they ought to have been instructed that if the defendant had actually mistaken the law, he was not responsible for the consequences of it. The plaintiff, therefore, has no cause to quarrel with the direction actually given.

Judgment affirmed.