# Barnett *versus* Reed.

1. In an action for the malicious abuse of legal process in issuing an execution, if the judgment and execution were not *void*, *case* is the proper form of action.

2. Because the debt had been paid before the entering of the judgment, the judgment and execution are not nullities so as to make the sheriff a trespasser for executing process to enforce it, or the judgment-creditor a trespasser for suing out the writ.

3. Where one of several sureties in a note took it up by another note of the principal, endorsed by such surety, the first note was entirely discharged at law, and the surety had no right in equity to keep the first note alive for his protection in case he had to pay any part of the second note.

4. The first note being paid by the second, the surety, as endorser, was but an accommodation endorser of the second, and, without payment, had no claim to be subrogated to the rights of the holder of the first note against his co-surety; he ceased to be a co-surety with the endorser when that note was paid.

5. The co-surety, as a surety in the first note, could require it to be paid by the principal at maturity; but the holder of the first note, taking a new note from the principal and extending the time, tied the hands of the co-surety during that time, and the surety, being a party to this arrangement, could not hold his co-surety liable in law or equity.

6. The Supreme Court will not notice a complaint that the court below answered a point put orally at the close of the charge; the only question is, was the answer correct?

7. If a party issuing execution on a judgment for a debt which had been paid before its entry, knew it had been paid, he is liable in an action for malicious abuse of legal process, whether he caused the judgment to be entered or not.

8. Compensatory damages are proper where there is no actual malice and are such as indemnify the plaintiff, including injury to property, loss of time and necessary expenses, counsel fees, and other actual loss. Vindictive damages may be given where there is actual malice, to punish the defendant.

ERROR to the Court of Common Pleas of *Armstrong county*.

This was an action on the case, by Samuel M. Reed against John Barnett, for maliciously issuing execution on a judgment against the plaintiff, known by defendant to have been paid, and causing the sale of the plaintiff's goods.

On 5th of August 1850, David Reed, and Samuel M. Reed the plaintiff, made a note to Hugh Campbell, payable in sixty days, for $1250, which was endorsed by Campbell and Barnett the defendant, and discounted at the Kittanning Bank, upon a warrant of attorney, executed by the drawers and endorsers, to enter judgment in favour of the bank.

David Reed was the principal in the note, Samuel M. Reed and Campbell and Barnett were sureties. When this note fell due, October 7th 1858, it was taken up by the note of David Reed for $1264, at thirty days; on this, Barnett alone was endorser, and it was taken up at maturity by cash, and another note of same drawer and endorser for $256; this note was afterwards paid by David Reed.

Barnett and David Reed had, before the maturity of the second

[Barnett *v.* Reed.]

note, driven cattle in partnership, and had received for cattle sold, three notes amounting to $1609, which had been endorsed by both, and discounted by the Kittanning Bank. There was no evidence as to whether these notes had been paid or not.

On 10th January 1861, judgment was entered on the $1250 note, in the name of the Kittanning Bank for *use*, against Reeds, Barnett and Campbell, and afterwards the court having directed the plaintiff to insert the *cestui que use*, the name of Barnett was inserted. The plaintiff's property was sold under an execution on this judgment for $135.05; there was evidence that the property sold was not removed from his premises. There was other evidence bearing on the question of malice and want of probable cause.

The defendant submitted a number of points, which were answered by the court (Buffington, P. J.).

On the question of damages the court charged, " that so far as regards the damages resulting merely from the sale of the personal property, if the jury believe that it was not removed or disturbed, and was bought in and left with the plaintiff, without any charge beyond the price bid for the same, the plaintiff cannot recover more than the amount of the sheriff's sale, with interest from the date of payment, adding thereto any injury or damage resulting from hanging up the property by the levy, and depriving the plaintiff, S. M. Reed, of the use of it.

" The proceeds of sale are in the hands of the sheriff, subject to the order of the court. If no drawbacks are on them, the law would restore the money to S. M. Reed. Still, in any event, the damages would not be confined to a nominal amount, but would be compensatory.

" Were the malice only such as results from a groundless act, and there is no actual malice or design to injure, the rule is compensatory damages; but where actual malice exists, a formed design to injure and oppress, the jury may give vindictive damages; that is, damages to punish the defendant for his fraud and malice. Compensatory damages are such as indemnify the plaintiff, including actual loss or injury of property, loss of time and necessary expenses, counsel fees and any other actual loss the plaintiff suffered."

At the conclusion of the charge the plaintiff's counsel asked the court to say to the jury that, as S. M. Reed was a mere surety in the note, if the jury believe that it was lifted and paid by the $1264 note, the said S. M. Reed was therefore discharged from all liability on the said note, and the said note in that case could not in equity be kept alive for Barnett's use.

The court affirmed this point.

The jury found for the plaintiff $424.01, and the case being removed, the following questions were argued here, by

[Barnett *v.* Reed.]

*Golden & Neale,* for plaintiffs in error :—

" 1st. Can the plaintiff recover in the present form of action ? or were the instructions of the court upon defendant's first and eleventh points correct ?

" 2d. Had Barnett the right to hold and use for his own protection the $1250 note ? or were the instructions of the court upon the plaintiff's point submitted· at the close of the charge correct ?

" 3d. Was there in this case such *evidence* of actual malice in John Barnett, or such absence of probable cause from which it might be inferred, as would authorize the court to submit the question to the jury, or from which the jury would be justifiable in finding for the plaintiff ?   These inquiries involve the propriety of the answers of the court to defendant's second, third, fourth, fifth and sixth points concerning the effect of the records and proceedings of the court, the action of Barnett's counsel and his own personal action.

" 4th. What was the measure of damages in the cause under the evidence ?   This involves the propriety of the answers to defendant's seventh, eighth and ninth points."

1st. If the note was satisfied before judgment entered the debt was extinguished ; the judgment was void and the executions consequently void.   *Case* lies for malicious use of lawful process, not of process void at its inception ; the action here should have been *trespass :* Maher *v.* Ashmead, 6 Casey 334 ; Baird *v.* Householder, 8 Id. 168.

2d. The practice requires points to be submitted before the argument commences, and it should be so, that counsel may be heard on the law by the court and on the facts by the jury.

The instructions on this point were erroneous.   If Barnett paid the debt, he was entitled to all the rights and remedies of the creditor to enforce reimbursement from the principal and contribution from his co-sureties, and thus had a right to use the note. Equity regards not the form : McCormick's Adm'r. *v.* Irwin, 11 Casey 14.

Although the giving of the $1264 note and its acceptance by the bank paid the $1250 note and extinguished the debt to the bank, yet it was not so as between S. M. Reed and his co-surety. A surety may be. discharged by extension of the *time of payment,* but not by *payment :* Stickel *v.* Stickel, 4 Casey 233 ; Whitehill *v.* Wilson, 3 Pa. R. 405 : and the form of enforcing the claim against a co-surety is not regarded : Yard *v.* Patton, 1 Harris 287 ; Gossin *v.* Brown, 1 Jones 531 ; Lloyd *v.* Brown, Id. 48 ; Brightly's Equity, pp. 131–133, §§ 140 and 141.

3d. It is error to submit to the jury the question of want of probable cause without evidence : Fisler *v.* Forrester, 9 Casey 501. The declaration does not allege malicious entering of the judgment, it is for malicious abuse of legal process.   Defendant did

[Barnett *v.* Reed.]

not abuse or maliciously use legal process. This consists in something occurring *after* issuing process. The proceedings could not be malicious, for the commission of a lawful act is not actionable, although malicious: Jenkins *v.* Fowler, 12 Harris 308. An execution issued on a lawful judgment cannot be malicious. Barnett's responsibility on the notes received for the cattle still continued. The defendants in the execution asked the court to open the judgment and stay proceedings; the court did this for six months, and then ordered the stay to be taken off and execution to proceed. They also asked an injunction to restrain proceedings, which was refused, and an order awarded to sell plaintiff's property. There were adjudications that Barnett might use the judgment for his protection. The court erred in putting the question on the knowledge and not on probable cause; knowledge is but evidence of want of probable cause, not the thing itself: Schofield *v.* Ferror, 11 Wright 106; Beach *v.* Wheeler, 6 Casey 69. Failure in the action is not evidence of malice: Ray *v.* Law, 1 P. C. C. R. 210.

4. Compensation was the true measure of damages in this case: McInroy *v.* Dyer, 11 Wright 118. The definition of compensatory damages is wrong and unjust: Sedgwick on Damages 37, 38.

*J. Boggs*, for defendant in error.—Where the injury is immediate, trespass lies; where consequential, case: Scott *v.* Shepherd, 2 Wm. Blackstone 892; 1 Sm. Lead. Cas. 326. Trespass lies for injuries accompanied by force; case, where there is no force: 18 Johns. R. 257; 6 Cowan 342; Cotteral *v.* Cummins, 6 S. & R. 348; Smith *v.* Rutherford, 2 Id. 358; Elsee *v.* Smith, 1 D. & R. 97; Learne *v.* Bray, 3 East 593; Day *v.* Edwards, 5 Term R. 648. So for malicious abuse of legal process, case is the form of action: Somer *v.* Wilt, 4 S. & R. 18; Water *v.* Freeman, Hob. 264. But trespass might be waived: Vandresser *v.* King, 10 Casey 203.

The giving the $1264 note to take up the $1250 note was an extension of the time, not an extinguishment, and therefore a discharge of the surety: 2 Pars. on Notes 203–239–240; Crosby *v.* Wyall, 10 N. H. 318; Stafford Bank *v.* Croley, 8 Greenl. 191; Longly *v.* Griggs, 10 Pick. 121.

There was evidence of malice and want of probable cause: in the issuing of the execution it is presumed in law that the counsel acted under the direction of his client: Somer *v.* Wilt.

In malicious abuse of process, as here, the damages should include not only the value of the property, but all expenses incurred by plaintiff in defending himself against malicious proceedings.

The opinion of the court was delivered, January 8th 1866, by STRONG, J.—If the judgment against Reed, the plaintiff below,

1 P. F. SMITH—13

[Barnett *v.* Reed.]

and the execution thereon sued out against him by the defendant were not void, case, rather than trespass, was manifestly the proper remedy. Then the wrong of which the plaintiff complained was the malicious abuse of legal process, for which an action on the case lies. And surely it cannot be maintained that the judgment and execution were nullities because the debt was paid before the judgment was entered. Had it been paid *after* the rendition of the judgment, there would be more reason for arguing that the execution was void. There are decisions to the effect that an execution upon a paid judgment is a nullity, and that a sale under it confers no title. I apprehend, however, even this is true only as regards a purchaser at the sale, who knew that the judgment had been paid. But no case holds the doctrine that the fact that a bond or a note had been paid *before* a judgment recovered upon it makes such a judgment void in law, so as to make the sheriff a trespasser in executing process awarded to enforce it, or the judgment-creditor a trespasser for suing out the writ. If, therefore, the defendant in this case was liable at all, he was liable in the form of action selected by the plaintiff.

It does not appear to have been seriously questioned in the court below that Samuel M. Reed was a mere surety for David Reed in the $1250 note; the note upon which the judgment was entered. The proof was positive that he was a surety, and there was no conflicting evidence. When, therefore, the note was paid at the bank at its maturity, and the new note for $1264 was given, having upon it the names of David Reed and John Barnett only, Samuel M. Reed was entirely discharged at law. This is admitted. But it is insisted that the first note was kept alive in equity for the protection of Barnett, who was also a surety for David Reed, and that Barnett had a right to hold it and use it in event of his being compelled to pay any part of the $1264 note. This position is untenable. Conceding that the first note was paid by the new note given by David Reed and endorsed by Barnett, it was in no sense a payment by Barnett. He was at best but an accommodation-endorser of the new note. Without actual payment he had no claim to be subrogated to the rights of the bank against Samuel M. Reed, the endorser of the first note, and when the first note was paid, he ceased to be a co-surety with that endorser. He was not then in a condition to avail himself of any of the rights of the common creditor, and the first note did not continue to exist for his benefit. There is still another reason why all possibility of resort to Samuel M. Reed was gone. As surety in the first note, it was his right to insist that the debt should be paid by his principal when it became payable. But when the bank took a new note from David Reed, extending the time for payment of the debt, it deprived Samuel M. Reed of the power to compel payment of the debt at the maturity of the note which he had

[Barnett *v.* Reed.]

endorsed. It tied up his hands for thirty days. To this arrangement Barnett became a party. How, after this, could the surety remain liable, either in law or in equity? There had been a change of his contract, so far as it appears, without his consent. The whole drift of the argument against the ruling of the court below upon this part of the case, rests upon the assumption that in some way Barnett paid the note endorsed by S. M. Reed, or some part of it, or that he continued liable to pay it. The assumption is at war with the facts as proved, and as found by the jury. As already said, his endorsing the second note given by David Reed to the bank was no payment, and the proof is uncontradicted that he paid no part of that note. The whole debt was paid by David Reed, and paid before the judgment on the $1250 note was entered. S. M. Reed could not be made a security for the payment of the second or subsequent notes, in virtue of his endorsement, or becoming security in the first. In every aspect of the case, therefore, at law and in equity, the liability of Samuel M. Reed had ceased before Barnett attempted to use the process of the court against him; and the court was entirely right in charging the jury that the note signed by him could not be kept alive for Barnett's use.

We cannot notice the complaint that the court thus charged, in answer to a verbal request preferred by the plaintiff's counsel after the argument had closed. Our only duty is to consider whether the instruction was correct.

The next question raised by the record is, whether there was sufficient evidence of a want of probable cause for the defendant's acts, to justify the court in submitting the case to the jury. In regard to this the defendant submitted several points. It is needless to go separately over the answers given. The cause of action as set out in the declaration was in substance as follows:—After reciting that the plaintiff, as surety of David Reed, together with the said David Reed, John Barnett and others, had given to the Kittanning Bank a warrant of attorney to confess judgment for the sum of $1250, and that the debt had been fully paid before the wrongs thereinafter complained of were committed, the declaration averred that the defendant, knowing these facts, wrongfully, unjustly and maliciously caused a writ of *fi. fa.* and subsequently an *alias* to be issued, founded on a judgment entered under colour of the said warrant of attorney, and thereunder caused and procured the personal property of the plaintiff to be sold. Of the facts thus averred there was very abundant evidence. The position taken in the court below and again here was, that there having been no averment that the judgment was maliciously entered, issuing an execution upon it could not have been an abuse of legal process, in other words that the judgment was a justification, and

[Barnett *v.* Reed.]

furnished probable cause. It is true there was no such distinct averment, but if the defendant knew that the debt had been paid, of which he could not have been ignorant, whether he caused the judgment to be entered or not, it was an abuse of legal process to attempt to enforce the payment of the judgment and collect the debt again. · The issue of the execution under such circumstances was not a lawful act. The defendant's knowledge of the payment tended inevitably to prove that there was no probable cause, no justification for his conduct. It was therefore entirely right to submit the case to the jury with the instruction that if Barnett knew the debt had been paid, they might find for the plaintiff. Knowledge indeed was not itself want of probable cause or malice, but it was too pregnant evidence of it to permit the court to withdraw the case from the jury.

The instruction given respecting the measure of damages, we regard as unexceptionable.

Judgment affirmed.