# White, Appellant, *v.* Rosenbaum Company.

*Trespass—Malicious abuse of civil process—Evidence.*

In an action in trespass for the malicious abuse of civil process, the plaintiff must allege and prove not only malice but also want of probable cause for such process. There must also be shown falsehood in the demand and an actual interference with either his person or property.

An action for malicious abuse of civil process will lie where it appears that the defendant brought an action against the plaintiff in assumpsit for goods sold and delivered, and issued an attachment on the judgment recovered therein, although the plaintiff had no

account with the defendant and was not indebted to it in any way, if the circumstances in connection with the bringing of the suit and the service of process therein were such as to show malice on the part of the defendant in the present action.

.In an action to recover damages for the malicious abuse of civil process, evidence that neither the summons in assumpsit nor the writ of attachment execution had been served on the plaintiff (the defendant in said suits) although the constable made return that he had served both writs, is admissible for the purpose of showing the falsity of the constable's return and of establishing malice on the part of the person instituting said actions.

Argued April 30, 1919.  Appeal, No. 15, April T., 1919, from order of C. P. Allegheny Co., April T., 1918, No. 777, refusing an appeal from the County Court of Allegheny Co. in the case of Margaret White v. Rosenbaum Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.  Reversed.

Petition to allow appeal from county court.

The facts are stated in the opinion of the Superior Court.

*Errors assigned,* among others, was the order of the court refusing appeal from the county court.

*James T. Buchanan,* for appellant.—Evidence was admissible on certiorari to contradict the constable's return: Texas Company v. Moyer, 23 D. R. 913; Hall v. Smitheman, 26 D. R. 203; Clinger v. Merrill, 27 D. R. 681; Mayer v. Walter, 64 Pa. 283.

The plaintiff was entitled to damages for the malicious action instituted against her: Mayer v. Walker, 64 Pa. 285; Eberly v. Rupp, 90 Pa. 259; Muldoon v. Ricky, 103 Pa. 110; Kramer v. Stock, 10 Watts 117; Barnett v. Reed, 51 Pa. 190; Whelan v. Miller, 49 Pa. Superior Ct. 91.

*L. P. Scott,* and with him *Weil & Thorp,* for appellee. —No action will lie for damages resulting from the

mere prosecution of a civil suit: Kramer v. Stock, 10 Watts 115; Eberly v. Rupp, 90 Pa. 259; Muldoon v. Rickey, 103 Pa. 110; Norcross v. Otis Bros. & Co., 152 Pa. 481; Herman v. Brockerhoff, 8 Watts 240; Cooper v. Hart, 147 Pa. 594; Grohmann v. Kirschman, 168 Pa. 189.

OPINION BY KELLER, J., October 13, 1919:

This was an action in trespass brought in the County Court of Allegheny County for the malicious abuse of civil process.

The basis of the plaintiff's demand was that although she had never had a charge account with the defendant company and owed it nothing, it had sued her before an alderman to recover for goods sold and delivered, and having caused judgment therein to be entered against her, had immediately issued an attachment execution thereon summoning certain of her tenants as garnishees, and had secured judgments against said garnishees for the rents in their hands due the plaintiff. She averred that neither the original summons nor the writ of attachment execution had been served on her, nor had she any notice of the proceedings, until she tried to collect her rents from her tenants; that she then appealed from the judgments entered in said suit and attachment, with the result that the suit was discontinued and the attachment non-prossed; and that said proceedings were started and prosecuted maliciously and without probable or reasonable cause and with the intent of vexing and annoying the plaintiff, after defendant had been informed that she was not the person to whom the goods for which said suit was brought had been sold.

From the testimony in the case and the offers of the plaintiff it appears that the plaintiff had no dealings with the defendant and that the account sued upon was actually against one Margaret B. White, alias Miss M. Bevington, who resided at No. 4617 Forbes street, Pittsburgh, at the time the goods were sold and delivered,— the plaintiff's residence being 3223 Wainbell street, Dor-

mont Borough—and who subsequently moved to 1708 Forbes street, and that after the discontinuance of the action against the plaintiff, the defendant sued the real debtor on the same account and obtained a judgment against her.

The legal principles applicable to an action of this character are well settled in this State. In order to recover the plaintiff must allege and prove not only malice but also want of probable cause for such process: Eberly v. Rupp, 90 Pa. 259. There must also be shown falsehood in the demand and an actual arrest of the person or a seizure of property: Norcross v. Otis Bros. & Co., 152 Pa. 481; or as stated in Muldoon v. Rickey, 103 Pa. 110, "an actual interference with either the person or property of the defendant." See also, Emerson v. Cochran, 111 Pa. 619.

(1) For the purpose of showing the malice and wrongful intent of the defendant, the plaintiff offered to prove that neither the summons in assumpsit nor the writ of attachment execution had been served on her, although the constable made return that he had served both writs on the plaintiff, by handing a true and attested copy of each to an adult member of her family, at her dwelling place; that said writs had actually been served by the constable on Mrs. Engel, a tenant of the plaintiff's and wife of one of the garnishees, at her home No. 3950 Mifflin street, Pittsburgh, where she had resided for the previous eight years. From the colloquy which took place between the counsel for the plaintiff and the trial judge when these offers were made it was apparently the intention of the plaintiff to prove further that the constable had been directed by the defendant or its attorney to serve the papers on the plaintiff at 3950 Mifflin street,—although the record showed that that was known to be the residence of the garnishee Engel—and that the defendant knew that the plaintiff did not live there; but the court did not allow the matter to go that far and refused the offers on the ground that the plaintiff

could not contradict the returns of the constable. This we hold to have been error. There is no question that the return of a sheriff cannot be contradicted by either party in the action in which it was made: Diller v. Roberts, 13 S. & R. 60; but we have already decided in Holly v. Travis, 71 Pa. Superior Ct. 527, that the return of a constable is not entitled to the same immunity from attack in the action that a sheriff's return enjoys, and that, therefore, it may be contradicted on certiorari in the common pleas. Even a sheriff's return may be shown to be false in an action against him for making a false return, and we are of opinion that a like rule would apply in an action against a party litigant who knowingly directed the sheriff to make a false return. Where it is not alleged that the party himself participated in the making of the false return, the sheriff is, of course, alone liable: MacGeorge v. Chemical Mfg. Co., 141 Pa. 575; but one who knowingly perpetrates such a fraud on the administration of justice can also be reached by its process and made to respond to the injured person in damages. In Wood v. Graves, 144 Mass. 365, 11 N. E. 567, the court said, relative to actions for the malicious abuse of legal process: "But the principle is general and is applicable to all kinds of abuses outside of the proper service of lawful process, whether civil or criminal, that for every such wrong there is a remedy, not only against the officer, ......but also against all others who may unite with him in inflicting the injury." So, also, it has uniformly been decided that a constable is liable in an action on the case [now trespass], for making a false return, and the falsity of his return can be shown in such action. We hold it can also be shown, where a party knowingly procured such false return, in an action against such party for malicious abuse of legal process.

(2) On the subject of probable or reasonable cause it must be remembered that this was not the case of a disputed account; the defendant had no account at all against the plaintiff. It was endeavoring to collect from

the plaintiff an account against an entirely different person, living in an entirely different place.   On this point, it was held in Prough v. Entriken, 11 Pa. 81, that when there is no debt due at all or when the demand is unfounded and unjust, this evidence is conclusive of want of probable cause; and in Barnett v. Reed, 51 Pa. 190, that if a party issuing execution on a judgment for a debt which had been paid before its entry, knew it had been paid, he is liable in an action for malicious abuse of legal process, whether he caused the judgment to be entered or not.   And in Whelan v. Miller, 49 Pa. Superior Ct. 91, this court said of an attempt to attach the property of John M. Whelan for the debt of John Whelan: "It was not an attempt to enforce collection of the judgment out of money which there was probable ground to believe belonged to the defendant in the attachment, but under color of process, which did not authorize it, to compel another person to pay it by seizing his property."   In this connection it was also proven that the defendant had been informed previous to bringing suit against the plaintiff, that she never had an account with the defendant and had never lived on Forbes street, Pittsburgh, where the person who bought the goods lived at the time the account was running.   Outside of the fact that the plaintiff's name was Margaret White, while the defendant's debtor was Margaret B. White, there was nothing in the case to lead the defendant to believe that the plaintiff was legally responsible for the account sued upon.

The able counsel for the appellee has cited a number of authorities in support of his contention that the judgment obtained against the plaintiff before the alderman conclusively established reasonable and probable cause. While there is some conflict in the authorities in this State as to whether such a judgment, even though afterwards on appeal it was discontinued or reversed, conclusively established probable cause: Herman v. Brookerhoff, 8 Watts 240; Graver v. Fehr, 18 W. N. C. 311; or was merely evidence of it: Mayer v. Walter, 64 Pa.

283; in all the cases cited by the appellee, the defendant in such judgment had been legally served with process. It would be an anomalous situation, indeed, if a party without a vestige of a claim against another could sue him, direct process to be served where he knew the defendant did not live, and returned as if legally served at his dwelling place, obtain judgment in the absence of the defendant and attach his goods in satisfaction of such judgment, and then in an action against him for malicious abuse of civil process, could set up such judgment, afterwards set aside on appeal, as conclusively establishing that he had probable cause to bring the action. We do not so hold.

Nor did the fact that the plaintiff, upon discovering that her tenants' rents had been attached, took appeals from both judgments of the alderman, operate to relieve the defendant from liability, if any, for malicious abuse of legal process. The effect of such appearance and appeal was to cure the defective service in the particular case, not to free the defendant of the consequences of any malicious abuse of that process. In Foster v. Sweeny, 14 S. & R. 386, it was held that appearance to a foreign attachment, entry of special bail to dissolve the attachment, and confession of judgment for a smaller sum than the amount claimed, were not a waiver of the right of the defendant to maintain an action against the plaintiff in the attachment for maliciously and wrongfully suing out a writ of foreign attachment against him, when he was not within the purview of the attachment laws.

(3) The record in the case of the defendant against Margaret B. White, alias Miss M. Bevington, showing that the defendant had afterwards sued and recovered judgment against another person for the very articles for which it had sued the plaintiff, was relevant on the question of the falsity of the defendant's demand against the plaintiff and should have been admitted in evidence. The fact that in the copy of the defendant's book account attached to its statement in the suit against the plaintiff in

this case, the address of the purchaser of the goods was wrongly stated as 3223 Wainbell street, Dormont, instead of 4617 Forbes street, Pittsburgh, showing either that it was not a true copy of the book account, or that the books themselves had been altered for the purpose of the suit, had also some bearing on the questions of the falsehood of the demand and the malice or wrongful intent of the defendant: Whelan v. Miller, supra.

(4) The learned counsel for the appellee further contends that seizure of the plaintiff's property by attachment execution was not a sufficient interference to justify the action; that to entitle the plaintiff to recover, the defendant's action against her had to be begun by seizure of her person or property.  We find no such rule laid down in the books.

In Kramer v. Stock, 10 Watts 115, the Supreme Court said: "If one abuses the process of the law, as by maliciously holding to bail, an action lies.  So wantonly to levy a second execution after a former levy or for a larger sum than is due, or after the debt has been paid has been held actionable, for all these are illegal and damage is thereby sustained."  In Graver v. Fehr, 18 W. N. C. 311, which grew out of dispossession proceedings it was held that the plaintiffs had no case for maliciously obtaining the judgment and enforcing it "unless there be proof of an excessive use of the process." Mayer v. Walter, 64 Pa. 283, was founded on proceedings to obtain possession of leased premises; Sommer v. Wilt, 4 S. & R. 18, and Barnett v. Reed, 51 Pa. 190, on writs of fieri facias; Whelan v. Miller, 49 Pa. Superior Ct. 91, on attachment execution.

In the case of Norcross v. Otis Bros. & Co., supra, relied on by the appellee as controlling here, there was, as pointed out by Chief Justice Paxson in his opinion, neither the use nor abuse of legal process, but only the giving of a notice by the defendant to the county commissioners not to pay the plaintiff, who was a contractor for the building of the county court house and jail, the

balance due him, for the reason that the labor rendered and performed and the materials furnished and used in and about the construction of said buildings had not been paid for by the plaintiff, which notice had no legal effect whatever. A debt due to a person is property, and an attachment execution served upon the debtor is a seizure of the property of the creditor, just as a writ of fieri facias would be in the case of goods and chattels: Whelan v. Miller, supra.

The assignments of error are sustained; the judgment of the Court of Common Pleas of Allegheny County is reversed and an appeal to said court from the county court is allowed.