# Marcus, Appellant, *v.* Buchman et al.

*Malicious prosecution—Civil suit—Probable cause—Statutory demurrer—Sufficiency.*

In an action of trespass to recover damages for an alleged malicious civil suit, probable cause for the original suit is conclusively shown by a judgment therein in favor of the present defendants, unappealed from, unreversed and in full force. The judgment establishes beyond the possibility of denial the fact that the defendants had a good cause of action and the plaintiff is estopped from denying it.

Where in such an action plaintiff admits in his statement of claim the judgment had been rendered against him, and the defendants demur to the action in an affidavit of defense, raising questions of law, setting forth that the judgment obtained by them remains in full force, unappealed from and unreversed, judgment is properly entered in favor of the defendants.

Argued October 20, 1926.  Appeal No. 180, October T., 1926, by plaintiff, from Judgment of C. P. No. 5, Philadelphia County, December T., 1925, No. 1658, in the case of Max Marcus vs. Robert B. Buchman and Leon H. Buchman, co-partners trading as Robert B. Buchman and Son.  Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.  Affirmed.

Trespass to recover damages for an alleged malicious civil suit before Martin, P. J.

The facts are stated in the opinion of the Superior Court.

Defendants demurred to the action by way of an affidavit of defense, raising questions of law.  The Court sustained the affidavit of defense and entered judgment for the defendants.  Plaintiff appealed.

*Error assigned* was the order of the Court.

*Maxwell Pestcoe,* for appellant.

*A. Samuel Buchman,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:

The court below sustained a statutory demurrer filed by defendants under section twenty of the Act of May 14, 1915, P. L. 483, to the plaintiff's statement of claim and plaintiff has appealed. The material facts appearing from the record are that in October, 1925, Buchman and Son, the present defendants, brought an action against Marcus, the present plaintiff and appellant, before a magistrate to recover a trifling balance alleged to be due for merchandise purchased from them by Marcus and obtained a judgment by default against him for the amount claimed. No appeal was taken. Marcus is a retail shoe dealer and a levy was made upon his stock of goods, et cetera, under an execution issued for the collection of the judgment and they were advertised for sale, but the writ was stayed, apparently at the instance of Buchman and Son, the plaintiffs therein. Alleging that the suit had been commenced and the execution issued and levy made maliciously and without probable cause, and that by reason thereof the value of his stock of goods had been decreased and his credit and reputation injured, Marcus instituted the present action in trespass to recover "actual and punitive damages." Buchman and Son filed an affidavit of defense in which, without answering the averments of fact in the statement of claim, they suggested that it failed to show a sufficient cause of action, in that it appeared upon its face that the termination of the suit instituted by them before the magistrate had been in their favor and, there being no allegation that the judgment had been appealed or reversed, it is now res judicata and estops Marcus from bringing this action which is merely a collateral attack thereon. It is averred in the statement of claim that the judgment was entered by default, due to the fact that Marcus "was unable to appear at the hearing" but there is no averment that Buchman and Son were in any way re-

sponsible for his failure to appear. The court below in an opinion filed sustained the affidavit of defense and entered judgment for the defendants. The amount of money involved in the original suit was so insignificant that the costs before the magistrate probably exceeded the debt claimed by a considerable margin. Whether appellant in bringing this suit and prosecuting this appeal is really seeking to vindicate a legal right or is merely engaging in vexatious litigation is a question naturally suggested by the history of the case, but one with which we are not concerned. He has a right to have the judgment reviewed.

Counsel for appellant states that the question involved is whether an action lies for abuse of legal process in issuing an execution on a judgment known by the plaintiffs therein to have been paid in full and in his brief says "We do not attack the judgment, we attack the right to issue an execution upon a judgment known to be paid." There is no averment however in the statement that the judgment was known by Buchman and Son to have been paid in full. The ground of action therein set forth is that they maliciously and without probable cause "commenced an action ...... upon a false and groundless claim" that Marcus was indebted to them, and, after obtaining a judgment thereon, maliciously and without probable cause issued execution, et cetera, but "failed and refused to allow the constable to make the sale." The very foundation of the present action pleaded by Marcus is that although he owed Buchman and Son nothing they commenced an action against him—issued a summons maliciously and without probable cause. In the next paragraph he says that as a result of these proceedings judgment was rendered against him. There is not the slightest intimation throughout the statement of any want of jurisdiction in the tribunal or irregularity in the procedure; nor is there any aver-

ment that the judgment has been reversed or even appealed from.    Under the situation actually existing here the cases relied upon by counsel for appellant are inapplicable.    In Barnett v. Reed, 51 Pa. 190, the judgment had been entered under color of a warrant of attorney and the cause of action was not that the judgment had been maliciously entered but that the defendant, knowing that the debt had been paid, was guilty of the abuse of legal process in issuing a fi. fa. to collect it again.    In White, App., v. Rosenbaum Co., 73 Pa. Superior Ct. 99, the plaintiff had never had any dealings with the defendant and the original suit out of which the action for abuse of legal process arose was brought against the wrong person; neither the summons nor the writ of attachment execution in that suit had been served on the plaintiff; and upon learning that rents due her had been attached she appealed from the judgment with the result that the suit was discontinued and the attachment non prossed.    In Mayer v. Walter, 64 Pa. 283, the proceedings before the alderman had been reversed on certiorari and were therefore not conclusive upon the question of probable cause for the institution of the original action and did not estop the defendant in that action from alleging want of probable cause.    Whelan v. Miller, App., 49 Pa. Superior Ct. 91, has no application to the facts here present.    As the learned president judge of the court below has so clearly demonstrated in his opinion this case is ruled by Herman v. Brookerhoff, 8 Watts 240, (which is not overruled, as stated by counsel for appellant, in Mayer v. Walter, supra,) and by Rosenstein v. Brown, 7 Phila. 144.    In Herman v. Brookerhoff Chief Justice GIBSON held that in an action for maliciously suing out a capias the plaintiff is estopped from denying the existence of a probable cause of action by the fact that a judgment was rendered against him in the suit in which he was arrested.    The follow-

ing language from the opinion sustaining a demurrer to the declaration in Rosenstein v. Brown, supra, is applicable to the issue out of which this appeal arose: "The plaintiff avers, it is true, that the defendant issued the summons against him without any just cause, but then he also says in the same breath, that judgment was rendered against himself and in favor of the defendant. He thus estops himself by his own showing from alleging that the defendant had no cause of action. ...... The controversy between himself and the defendant which was the subject of the suit complained of is forever settled by the judgment of a competent tribunal unappealed from, unreversed and in full force. The plaintiff's mouth is shut by the judgment. If he was dissatisfied it was his business to appeal. Having acquiesced he cannot be heard to contradict it or to aver anything against it. It establishes beyond the possibility of denial the fact that defendant had a good cause of action."

The court below was clearly right in deciding the question of law raised by the affidavit of defense in favor of the defendants.

The assignments of error are overruled and the judgment is affirmed.