## Scheide v. Home Credit Co., Appellant.

Argued April 29, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*William S. Doty*, and with him *Thomas A. Thornton*, of *Doty and Thornton*, for appellant.

*Robert H. Brown, Jr.*, for appellee.

OPINION BY PARKER, J., October 10, 1932:

This is an action to recover damages for an alleged malicious use of civil legal process. The plaintiff alleged that he gave to the Overhead Door Sales, Inc., a corporation, a note containing power of attorney to confess judgment for $172.40, payable in ten equal monthly installments in payment for merchandise; that the note was assigned to the defendant, the Home Credit Co., to whom the plaintiff paid several installments; that he paid the entire balance due on the note before the installments were all due pursuant to an arrangement with the Home Credit Co.; that notwithstanding the fact that the note had been paid in full and within a few days after such payment, the defendant caused judgment to be entered on the note, issued an execution, levied on all the personal property of the plaintiff and advertised the same for sale. Thereupon the plaintiff in this action and defendant in the judgment presented a petition to court and a rule was granted on the plaintiff in the judgment, defendant in this action, to show cause why the judgment should not be opened and defendant let into a defense. After the granting of this rule the statement of claim alleges that "upon hearing the judgment was ordered satisfied, and same was properly done on December 30, 1927, by H. E. Kipp acting as attorney for the Home Credit Co."

At the trial evidence was offered in support of and tending to prove all of these allegations except that with reference to a hearing and order. There was no proof of such a hearing or order by the court and on the contrary, the evidence was that counsel for the defendant in the original action met counsel for plaintiff in that action and as a result the judgment was immediately satisfied and costs paid by the Home Credit Co. The charge limited the amount that could be recovered to compensation for the loss of time and

expenses necessitated in obtaining satisfaction of the judgment. There is no complaint as to the instructions of the trial court on the subject of damages, nor was there any cause for complaint. The jury rendered a verdict in favor of the plaintiff for $51 which was the value placed by the plaintiff upon his loss of services for two days and fees paid to counsel.

"There is a distinction between a malicious use and a malicious abuse of legal process. An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it. Thus, if a man is arrested, or his goods seized in order to extort money from him, even though it be to pay a just claim other than that in suit, or to compel him to give up possession of a deed or other thing of value, not the legal object of the process, it is settled that in an action for such malicious abuse it is not necessary to prove that the action in which the process issued has been determined, or to aver that it was sued out without reasonable or probable cause: Grainer v. Hill, 4 Bing. N. C. 212. It is evident that when such a wrong has been perpetrated, it is entirely immaterial whether the proceeding itself was baseless or otherwise. We know that the law is good, but only if a man use it lawfully.

"On the other hand, legal process, civil or criminal, may be maliciously used so as to give rise to a cause of action where no object is contemplated to be gained by it other than its proper effect and execution. As every man has a legal power to prosecute his claims in a court of law and justice, no matter by what motives of malice he may be actuated in doing so, it is necessary in this class of cases to aver and prove that he has acted not only maliciously, but without reasonable or probable cause. It is clearly settled also, that the proceeding must be determined finally before any action lies for the injury; because, as it is said in

Arundell v. Tregono, Yelv. 117, the plaintiff will clear himself too soon, viz., before the fact tried, which will be inconvenient; besides, the two determinations might be contrary and inconsistent": Mayer v. Walter, 64 Pa. 283, 285.

"It is necessary that the proceeding (original proceeding) should have come to an end, and that end must have been a successful one to the plaintiff": Mayer v. Walter, supra. The case to which we have just referred is also authority for the proposition that the determination in favor of the plaintiff need not have been on the merits. To sustain a claim for damages there must be "an actual interference with either the person or property of the defendant": Muldoon v. Rickey, 103 Pa. 110, 112.

The case we are considering is definitely identified as one for malicious use of legal process. The position of the defendant is that the judgment when it was confessed constituted a final determination favorable to the defendant in this action, that the satisfaction does not contradict such favorable determination and that the plaintiff is therefore barred as a matter of law from recovery. Counsel for appellant suggests that this action could only have been maintained by the plaintiff in this action pursuing his petition to open the judgment and having the matter judicially determined in his favor by the court in that proceeding.

It will be noted that the rule requiring a determination in the original proceeding favorable to a plaintiff in an action for malicious use of process is based by Mr. Justice SHARSWOOD, in Mayor v. Walter, supra, on the fact that the "plaintiff will clear himself too soon, viz., before the fact tried, which will be inconvenient; besides, the two determinations might be contrary and inconsistent." Mr. Justice WALLING in Garland v. Wilson, 289 Pa. 272, 275, says: "This is manifest, for one of the necessary requisites of such

action is want of probable cause, which cannot be determined until the suit is ended." In the case of a judgment in favor of the plaintiff in the original action it would "establish beyond the possibility of denial the fact that defendant (in original action) had a good cause of action": Rosenstein v. Brown, 7 Phila. 144; Marcus v. Buchman, 89 Pa. Superior Ct. 512, 516; which is more than probable cause. A verdict for defendant in the original action would not adjudicate the question of probable cause. "A judgment on warrant of attorney is as much an act of the court as if it were formally pronounced on nil dicit, or a cognovit; and till it is reversed or set aside, it has all the qualities and effect of a judgment on verdict": Braddee v. Brownfield, 4 Watts 474, 475.

The case of Montague v. McDowell, 99 Pa. 265, furnishes a precedent nearer to the question involved than any we have found or to which we have been referred. In that case a note was given providing for a usurious rate of interest. Under a power of attorney contained in the note, judgment was confessed and the interest at the excess rate was paid for a time when the judgment was paid and a new note given in its place providing for usurious interest and containing a power of attorney to confess judgment. A judgment was again confessed when a petition was presented averring that the judgment included a large amount of usurious interest. A rule to open was granted and defendant let into a defense. The Supreme Court in an opinion by Chief Justice SHARS-WOOD reversing the court below held that the new excess of interest entering into the new judgment was a defense after the second judgment had been opened, but that the interest paid on the first judgment was not a defense. In this connection it was said: "A judgment confessed by warrant of attorney is as perfect a judgment as if rendered upon the verdict of a jury after a trial. The court will, however, in such

a case, upon the defendant showing a good defense in law or equity, open it and allow him an opportunity to controvert the cause for which it was entered before a jury. In no other respect is there any difference, and a judgment confessed is conclusive, and cannot be attacked collaterally by the defendant ...... The notes upon which it was entered were surrendered, additional notes for new debts taken, and a new judgment—the one in question—was entered for the whole amount. Satisfaction was entered on the old judgment, which, no doubt, was part of the arrangement. It cannot be doubted that in law the old judgment was paid. If there had been any fraud or mistake in the transaction the defendant might have taken a rule to strike off the satisfaction, open the judgment and let him into a defense. The new excess of interest entering into the new judgment was no doubt a defense after it had been opened, but as to the old judgment the defendant was precluded." While this case was not one for malicious use of process, it involved the general principle that a judgment may not be attacked collaterally.

In Braddee v. Brownfield, supra, an action of debt was brought for a penalty for refusing to enter satisfaction upon a judgment supported by evidence that the defendant was paid before the judgment was entered. The remarks of Chief Justice GIBSON in that case are pertinent: "Like any other judgment (one by confession), it is an estoppel and concludes the parties from drawing into controversy the point or thing adjudicated. Notwithstanding this, the plaintiff proposed to prove the judgment stillborn by proving satisfaction, not of it, but of the debt before the judgment existed, and thus to affirm the identical fact that had been judicially disaffirmed ...... No one will pretend that payment before judgment may be pleaded to a scire facias; and the reason for it equally precludes the party from averring the same fact in

a collateral action. He is concluded by the generality of the estoppel, not only in the same action, but in every other between the same parties."

The case of Barnett v. Reed, 51 Pa. 190, is relied upon by appellee. As was pointed out in Marcus v. Buchman, supra (p. 515), the Barnett case was an action for *abuse* of legal process. A reference to the facts involved discloses that Reed was a surety for the principal debtor and Barnett was the last indorser on a note discounted at a Kittanning bank. At maturity this note was taken up by a note of the principal debtor indorsed by Barnett alone. Renewal notes were subsequently given and paid by the principal debtor. Barnett and the principal debtor became involved in cattle transactions and at a later date Barnett, claiming by right of subrogation, undertook to use the first note, which had been paid, to reimburse himself for a balance due from the principal debtor to Barnett and collect the same from one who was a mere surety on the first note. This was an attempt to use the note after it was paid for a purpose which it was not intended by law to effect and a perversion of it. Much is made in the argument of the fact that Mr. Justice Strong stated in the Barnett case that it was an abuse of legal process to attempt to enforce the payment of the judgment and collect the debt again. There is, however, no conflict in this statement with the general rule as we stated it. As we have pointed out, to sustain a claim for damages for malicious abuse of legal process there must be actual interference with the person or property of the defendant. Also see Mayer v. Walter, 64 Pa. 283, 289; Kramer v. Stock, 10 Watts 115. The proceeding became actionable when execution was issued and there was an interference with the defendant's property. The fact that the note had been paid before entry was one element, but not necessarily of itself a controlling element. The Barnett case is not

authority for the inference that in every case where a judgment is confessed after the note has been paid and an execution issued it is necessarily a case of malicious abuse of process. This also applies to our statement in Marcus v. Buchman, 89 Pa. Superior Ct. 512, 515: "In Barnett v. Reed, 51 Pa. 190, the judgment had been entered under color of a warrant of attorney and the cause of action was not that the judgment had been maliciously entered but that the defendant, knowing that the debt had been paid, was guilty of the abuse of legal process in issuing a fi. fa. to collect it again."

Whelan v. Miller, 49 Pa. Superior Ct. 19, and White v. Rosenbaum Co., 73 Pa. Superior Ct. 99, were for malicious abuse and not for malicious use of process and therefore have no application to the present controversy.

Returning to the facts of the case at hand we find that the plaintiff, Scheide, when the execution was issued, was in a position either to accept a satisfaction or to proceed to have the judgment stricken off. He chose to accept the satisfaction which recognized the validity of the entry of the judgment which therefore stood as a bar to this proceeding.

There is a clear case of variance between the allegations and the proofs. The plaintiff, having averred in the statement of claim that "upon hearing the judgment was ordered satisfied and same was properly done," attempted to prove an entirely different set of facts, to-wit, that the judgment was satisfied voluntarily by the defendant in the suit and from that we are asked to conclude that the satisfaction was the equivalent of an adjudication of the petition to open favorable to the plaintiff. This, however, would have raised a new and different issue which could not be heard without amendment.

While there may be a temptation in this case to brush aside legal technicalities and reach a different

conclusion, to do so would only lead to confusion, "If in one case a particular hardship is to be mended at the expense of general rules, this must be so in other case": Oudry-Davis v. Findley, 64 Pa. Superior Ct. 92, 95.

The judgment of the lower court is reversed and it is directed that judgment be entered for defendant n. o. v.