## Schmick v. Northwestern Production Corporation

*Miller, Kistler & Lee*, for plaintiff.

*Musser W. Gettig*, for defendant.

CAMPBELL, P. J., May 25, 1961.—Plaintiff instituted an action for damages resulting from an alleged abuse of process. To this pleading defendant filed preliminary objections in the nature of a demurrer, contending that the complaint fails to set forth a good cause of action. By this action and for the purpose of disposing of the preliminary objections, defendant has admitted as true all facts which are averred in the bill of complaint: Narehood v. Pearson, 374 Pa. 299; Erie v. Gulf Oil Corporation, 395 Pa. 383.

The facts before the court as contained in plaintiff's complaint are as follows: Defendant entered a judgment in this court against one Herman Bandle and promptly issued a writ of fieri facias, levying upon numerous items of personal property located on a farm owned by the plaintiff and occupied as a tenant by the judgment debtor, Herman Bandle. The levy was made on May 16, 1960, and included under the levy were 18 head of Holstein cattle owned by plaintiff herein, E. E. Schmick. Plaintiff informed defendant of his ownership of the cattle on May 24th, and again on May 31, 1960, and filed a claim property notice for the cattle with the sheriff which was accepted by defendant herein on June 7, 1960. Defendant on June 11, 1960, released defendant's cattle from the levy and proceeded with execution against the remaining items of personal property levied upon. The gist of plaintiff's claim is for damages resulting from the unlawful levy on his property and the failure and refusal of plaintiff to release said property until after the claim property notice had been filed with the Sheriff of Centre County under the Sheriff's Interpleader Act.

Defendant's preliminary objections, although three in number, actually raised but two legal questions: First, where a defendant innocently though wrongfully levies on the personal property of a plaintiff who is not the judgment debtor, may he, by relying on possession as evidence of ownership, escape liability as a matter of law for such levy when the personal property levied upon is in the possession of the judgment debtor? Secondly, must a plaintiff in an action for abuse of legal process aver in his complaint that defendant was aware of, had knowledge or knew that the property levied upon was the property of plaintiff and not the property of the judgment debtor at the time the levy was made?

When one considers both of these legal questions, they further resolve themselves into but a single issue: Must plaintiff plead facts and circumstances which would indicate actual knowledge of a perversion of legal process, a willful intention to accomplish the perversion or a malicious intention to so pervert it?

Cases are legion which attempt to distinguish between a tortious abuse of process and the malicious use of process. Abuse of process is the use of legal process against another to accomplish a purpose for which it was not designed. It is concerned with perversion of the process after it is issued. On the other hand, malicious use of process is the employment of a process maliciously with no object other than its proper effect and execution. Malicious use of civil process has to do with the wrongful initiation of such process: 29 P. L. Encyc. Process, §8, page 546.[1]

The distinction is well stated in the case of Baird v. Aluminum Seal Company, Inc., 250 F. 2d 595. We quote from the opinion of Chief Judge Biggs, at page 600:

"The Pennsylvania decisions have drawn a distinction between actions for malicious *use* of process and actions for malicious *abuse* of process. The prime distinction between the two torts is that in actions for malicious use of process the original issuance of process cannot be justified on the facts, but the process is used in the manner in which the law contemplated its use. If the plaintiff has no cause of action against the defendant but nonetheless maliciously brings suit

---

[1] Psinakis v. Psinakis, 221 F. 2d 418; Morphy v. Shipley, 351 Pa. 425; Johnson v. Land Title Bank & Trust Co., 329 Pa. 241; Grohmann v. Kirschman, 168 Pa. 189; Norcross v. Otis Bros. and Co., 152 Pa. 481; Mayer v. Walter, 64 Pa. 283; Maher v. Ashmead, 30 Pa. 344; Fenton Storage Co. v. Feinstein, 129 Pa. Superior Ct. 125; Shane v. Gulf Refining Co., 114 Pa. Superior Ct. 87; Whelan v. Miller, 49 Pa. Superior Ct. 91.

against him, the action is malicious use of process. In actions for malicious abuse of process the original issuance of the process was justified but the process itself was put to an illegal use."

The purpose of consuming so much judicial talent in affirming and reaffirming the fine and refined distinctions between the two causes of action appear to be to classify the requirements as to the allegations and proof which are required of plaintiff to sustain a good cause of action. It is generally held that in order to support an action for malicious use of process plaintiff must aver and prove that the process was issued and served, that defendant acted maliciously and without probable cause, and that the proceeding in which the process was used has terminated favorably to the plaintiff in the action for malicious use.[2]

On the other hand, in an action for abuse of process, while some cases have held that it is necessary for plaintiff to show malice and that defendant acted without reasonable or probable cause, it has nevertheless recently been held that in a suit for an abuse of legal process, plaintiff is not required to prove either want of probable cause or malice: Humphreys v. Sutcliffe, 192 Pa. 336; Mell v. Barner, 135 Pa. 151; Barnett v. Reed, 51 Pa. 190; Mayer v. Walter, supra; Adelman v. Rosenbaum, 133 Pa. Superior Ct. 386; Morphy v. Shipley, supra; White v. Rosenbaum Co., 73 Pa. Superior Ct. 99.

If one were to attempt to reconcile all of the Pennsylvania cases and more especially the language contained in the decisions, it truly would be a difficult

---

[2] Beadle v. Friel, 320 Pa. 560; Dumont Television & Radio Corp. v. Franklin Electric Co. of Phila., 397 Pa. 274; Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346; Scheide v. Home Credit Co., 107 Pa. Superior Ct. 204; Smoker v. Ohl, 335 Pa. 270; Garland v. Wilson, 289 Pa. 272; Merz v. Merz White Way Tours, 166 F. Supp. 600; 4 University of Pitts. Law Review 310.

task. A great deal of confusion has arisen by reason of the loose language employed and by many courts overlooking the fact that there is a difference between "abuse of process" and "malicious abuse of process," and in failing to realize that under some sets of facts or circumstances both malicious use and abuse of process can exist at one and the same time.

We feel that the proper approach to cases of this sort would involve the following principles: First, that where a person wrongfully initiates a process, i. e., a malicious use, plaintiff should be required to aver and prove malice or want of probable cause, that the prior proceeding on the process which was used had terminated favorably to plaintiff, and that the process had been used for a purpose other than that of securing the adjudication of a claim on which the proceedings were based. Secondly, in an action of malicious abuse of process, plaintiff should aver and prove facts and circumstances which would indicate a malicious intentional perversion of the process and in this instance malice, if proven, would form the basis of and justify the jury in awarding punitive damages. Third, in a case where mere abuse of legal process is averred, we would hold that the averment of the abuse, i.e. the unlawfulness of the action taken, and the damages resulting therefrom, are sufficient and it then becomes incumbent upon defendant to plead facts which would indicate a privilege, or the lack of knowledge or intention, or facts which would justify the action taken or to show that plaintiff did not proceed otherwise than as a reasonably prudent man would proceed under the circumstances.

We are involved here with the third situation, a plain abuse of process. No malice has been averred nor is it required to be averred under the decisions of the courts of this state. We would also hold that it is not necessary to aver and prove a willful intention to per-

vert a process as that would be closely associated with, if not indicative of, malice. However, courts have held that an action for abuse of process will lie where there has been a use of process for some collateral purpose and it is clear that the process was intentionally used for that wrongful purpose: Barnett v. Reed supra; Psinakis v. Psinakis, supra. Proceeding a step further, it would seem quite unnecessary for a plaintiff to aver and prove that defendant had actual knowledge of the perversion and in spite of such knowledge proceeded with or allowed the perversion to occur. This, too, would be indicative of malice.

If defendant seeks to be excused from the consequences of its perversion of process on the grounds that the perversion occurred as the result of an innocent or justifiable act, he should so plead. This defense, if valid, is an affirmative one which he should set forth in his answer.

Without the averment of an intentional malicious perversion of a legal process, defendant could only be held liable on one of two theories, either on the basis of absolute liability as in the case of a trespass on the land of another, or on the theory of a negligent act which allowed the perversion to occur. Although not deciding this point, and we are aware of no cases which do so, we are inclined to feel that the doctrine of absolute liability does not apply. We have examined a number of cases where a defendant has levied on the property of a third person and in every instance defendant knew, should have known, or was warned, that he was levying on the property of the wrong person.[3]

---

[3] Adelman v. Rosenbaum, supra; Summit Hosiery Co. v. Gottschall, 292 Pa. 464; Korrallas v. Griffiths, 70 Pa. Superior Ct. 431; Dixon v. White Sewing-Machine Co., 128 Pa. 397; Shane v. Gulf Refining Co., 114 Pa. Superior Ct. 87; Whelan v. Miller, 49 Pa. Superior Ct. 91; Edwards v. Dauphin Deposit Trust Co., 41 D. & C. 33; Siegal v. The Netherlands Co., Inc., 59 Pa. Superior Ct. 132.

This we believe indicates that under certain circumstances defendant would not be liable if he acted innocently and proceeded prudently.

In the Siegel case last cited in the preceding footnote, which involved a levy on property of a third person, as in the instant case, the court said, at page 139:

"It must be remembered, that the articles in question were not in the possession of the defendant in the attachment, they were not intermingled with his goods, there was nothing about them which indicated any apparent ownership in him, and where goods are so situated a different question would arise."

Defendant by its preliminary objections is asking the court to declare as a matter of law that it is not liable for levying on the goods of a third person by reason of the fact that plaintiff has averred that the cattle levied upon were on a farm owned by plaintiff but which was occupied by the judgment debtor who was caring for and tending the cattle. In support of this contention numerous cases have been cited, holding that possession of personal property is prima facie or presumptive evidence of ownership. We cannot so hold on the facts now before us. A multitude of facts may develop in the course of a trial which would be indicative of, or the absence of, knowledge, intention, good faith, prudence, negligence, or reasonable judgment on the part of defendant in causing the levy to be made. The circumstances under which plaintiff's cattle were entrusted to the judgment debtor, the investigation made by defendant prior to execution, or its failure to investigate, are all matters which we believe to be important.

There is still another reason which we believe to be more convincing why the preliminary objections should not be sustained. Defendant was advised of plaintiff's ownership of the cattle on May 24th and on May 31st, which were 18 and 11 days respectively before

defendant caused its levy to be released. The reasonableness or unreasonableness of this delay, we believe, are matters for the jury to determine on the theory that even though the original levy may be excused, to continue a levy for an unreasonable length of time after being advised of the wrongfulness of it would constitute an abuse of process. For these reasons, we enter the following order:

And now, to wit, May 25, 1961, defendant's preliminary objections are dismissed.

And now, to wit, May 25, 1961, an exception is noted and bill sealed for defendant.