Bessie B. MERZ

v.

MERZ WHITE WAY TOURS, Lawrence J. Gibbons, Floyd C. Douse, Harry A. Merz and John V. Espenshade.

Civ. A. No. 23844.

United States District Court
E. D. Pennsylvania, at Philadelphia.

Sept. 3, 1958.

ing. There has been no unlawful interference of the person or properties of the defendants. This is an essential element of the malicious abuse of process.

2. On the basis of Garland v. Wilson, 289 Pa. 272, 137 A. 266; Johnson v. Land Title Bank & Trust Co., 329 Pa. 241, 198 A. 23; and, especially, Chief Judge Biggs' approval of the Garland case, supra, in Baird v. Aluminum Seal Co., 3 Cir., 250 F.2d 595, an order may be submitted that defendants' counterclaim be dismissed.

---

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

David E. Thomas, Raspin, Espenshade, Heins, Erksine & Steward, Philadelphia, Pa., for defendant Merz White Way Tours.

LEAHY, District Judge.

This is a stockholder's action against directors for reimbursement to the corporation for unauthorized expenditures for the personal benefit of the individual directors. The sum is $13,812.51 for the years 1952–56. Defendants denied the allegations and filed a counterclaim for $10,000 on the ground plaintiff had no reasonable grounds for this suit and defendants will incur expenses for counsel, public accountants, witnesses and business interruptions. Plaintiff moves to dismiss the counterclaim.

1. The theory of the counterclaim must be either malicious abuse or misuse of process. The essential element of such a cause of action is that the initial suit giving rise to the cause of action must have terminated in favor of a counterclaimant. Obviously, the charge found in the counterclaim is premature for the initial suit is still pend-